UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DESIREE JOHNSON,

                      Plaintiff,

-against-

CYRUS VANCE JR.; WILLIAM PELHAM BARR,

                      Defendants.

25-CV-5093 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, Chief United States District Judge:

Plaintiff filed this action *pro se*. By order dated June 25 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss a complaint filed *in forma pauperis*, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Although the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that

"finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

## BACKGROUND

This lawsuit is Plaintiff's second action against former United States Attorney General William Barr. *See Johnson v. Barr*, No. 25-CV-8615 (KMW) (S.D.N.Y. June 4, 2025) ("*Johnson I*"). By order dated June 3, 2025, Judge Kimba M. Wood of this court, dismissed *Johnson I* under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

Fourteen days later, Plaintiff filed this new action naming former Attorney General Barr and former Manhattan District Attorney Cyrus Vance. Plaintiff asserts that the events giving rise to her claims occurred in New York City in October 2021 and alleges the following:

> I'm a member of a class action lawsuit and the attorneys refuse to help me . . . not any one else or / family tree from this case. One person from this case Raney Clarke address 2511 Newkirk Ave Brooklyn NY Apt B1 and another one Daphne Moore Hillside Ave . . . . These two people are two other people in this class action lawsuit to help look up case you are Judge Rebecca Leah Ebinger Goodgame and you are the Judge for this case that took place October 1 2021 with William Pelham Barr at Southern District courthouse New York City public attorney provided.[1]

(ECF 1, at 5.) Plaintiff states that she has no injuries but is "requesting a motion so I can get the attorney's ITIN number or Fein to get my records out of the Treasury Department can you get them and present them to me in the courthouse give me a copy and numbers." (*Id.* at 6.) Plaintiff ends her complaint by stating, "Yes you were the Judge for this case Judge Rebecca Leighn Ebinger Goodgame." (*Id.*)

## DISCUSSION

Under the *in forma pauperis* statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either:

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact. *See Neitzke*, 490 U.S. at 325. Plaintiff's request that this Court track down information related to a class action lawsuit does not provide a basis for an action in any court of law. Accordingly, because Plaintiff's "factual contentions are clearly baseless," *Livingston*, 141 F.3d at 437, and there is no legal theory on which she can rely to assert any claim, the action must be dismissed as frivolous under Section 1915(e)(2)(B)(i).

In deference to Plaintiff's *pro se* status, the Court normally would direct Plaintiff to amend her complaint. Here, the Court finds that the complaint cannot be cured with an amendment. Where an amendment would be futile, leave to amend is not required. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").

## WARNING

Plaintiff has filed two actions in this court that have been dismissed as frivolous. In Judge Wood's order dismissing the complaint filed in *Johnson I*, Judge Wood analyzed the complaint and concluded that the allegations were frivolous. Immediately following this dismissal order, Plaintiff filed a substantially similar complaint. In light of this litigation history, this Court finds that Plaintiff was or should have been aware that this new action also would be dismissed as

frivolous. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent pro se litigant may be charged with knowledge of particular legal requirements). Accordingly, the Court warns Plaintiff that further vexatious or frivolous litigation in this court may result in an order barring her from filing new actions *in forma pauperis* unless she receives prior permission from the court. *See* 28 U.S.C. § 1651.

## CONCLUSION

The complaint, filed IFP under 28 U.S.C. § 1915(a), is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court denies Plaintiff's motion at ECF 9 as frivolous and directs the Clerk of Court to terminate the motion.

The Court warns Plaintiff that further vexatious or frivolous litigation in this court may result in an order barring her from filing new actions *in forma pauperis* unless she receives prior permission. *See* 28 U.S.C. § 1651.

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated: September 16, 2025
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.